IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 07-1207-TUC-RCC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| HOWARD WESLEY COTTERMAN, | ) ) | |
| Defendant. | ) ) ) | |

    This case presents a unique challenge to the concept of a border search. The magistrate did an excellent job in analyzing the facts of this case. This court has reviewed the entire case *de novo* and comes to the following conclusions.

    1.  The search can only be justified by way of a border search because there was no probable cause at all to allow the search of the computer.

    2.  The decision to search was based upon a TECS hit out of California that was based upon the fact that the defendant had a 15 year old child molestation conviction, and something called Operation Angel Watch directed the search.

    3.  The search could have been done, (while not necessarily to the convenience of the agents) at the border because the technician could have traveled down from Tucson with his laptop computer to do the analysis.

    4.  The defendant and his wife waited more than 8 hours at the border to be finally told that the computer was going to be taken to Tucson even though he

offered to help access the computer at the border. This offer was declined by the agents.

5. The search of the computer took at least 48 hours to yield results.

6. It cannot be said in this case that Tucson became the functional equivalent of the border.

7. Because Tucson did not become the functional equivalent of the border some 170 miles away, the Court agrees with the Magistrate Judge that the evidence should be suppressed, and adopts the Report and Recommendation.

Therefore,   **IT IS ORDERED ADOPTING** the Magistrate Judge's Report and Recommendation (#58).

**IT IS FURTHER ORDERED AS FOLLOWS**:

1. **GRANTING** Defendant's Motion to Suppress (#17)

2. The Government shall return the copy of Mrs. Cotterman's computer and retain no copy of it.

3. The Government shall return the copies of the Cotterman's personal papers that were photocpied at the border and retain no copies.

DATED this 23rd day of February, 2009.

_____
Raner C. Collins
United States District Judge