*UNITED STATES DISTRICT COURT*
**DISTRICT OF ARIZONA**

**United States of America**

   **v.**

**Howard Wesley Cotterman**

USM#: 30367-208

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

**No.  CR 07-01207-001-TUC-RCC(CRP)**

Alfred  Donau (Retained)
Attorney for Defendant

**THERE WAS A** finding of guilty on 6/11/2014 as to Counts 1, 2, 3, 5 and 6 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18 U.S.C. §2256(2), in violation of Title 18 U.S.C. §§2251(a) and 2251(e); Production of Child Pornography, a Class B Felony offense, as charged in Count 1 of the Indictment, Title 18 U.S.C. §2256(2), in violation of Title 18 U.S.C. §§2251(a) and 2251(e); Production of Child Pornography, a Class B Felony offense, as charged in Count 2 of the Indictment,  Title 18 U.S.C. §2256(2), in violation of Title 18 U.S.C. §§2252(a)(1) and 2252(b)(1); Transportation and Shipping of Child Pornography, a Class C Felony offense, as charged in Count 3 of the Indictment, Title 18 U.S.C. §2256(2), in violation of Title 18 U.S.C. §§2252(a)(4)(B) and 2252(b)(2); Possession of Child Pornography, a Class C Felony offense, as charged in Count 5 of the Indictment and Title 18 U.S.C. §1462(a); Importation of Obscene Material, a Class C Felony offense, as charged in Count 6 of the Indictment; for a total of THIRTY FIVE (35) YEARS in custody, with credit for time served.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **THIRTY (30) YEARS** on Counts 1 and 2 of the Indictment to run concurrent with one another, concurrent with Counts 3 and 5 of the Indictment and consecutive to Count 6 of the Indictment,   **TWENTY (20) YEARS** on Count 3 of the Indictment, to run concurrent with Counts 1, 2 and 5 of the Indictment and consecutive to Count 6 of the Indictment;  **TEN (10) YEARS** on Count 5 of the Indictment, to run concurrent with Counts 1, 2 and 3 of the Indictment and concurrent to Count 6 of the Indictment; and **FIVE (5) YEARS** on Count 6 of the Indictment, to run consecutive to Counts 1, 2, 3 and 5 of the Indictment, all with credit for time served.  Upon release from imprisonment, the defendant shall be placed on **LIFETIME** supervised release on Counts 1, 2, 3, 5 and 6, said counts to run concurrently with one another.

**IT IS ORDERED** that all remaining counts are dismissed on motion of the United States.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $500.00     **FINE:** $0     **RESTITUTION:** $0

The defendant shall pay a special assessment of $500.00, which shall be due immediately.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $500.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 2, 3, 5 and 6 of the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on **LIFETIME** supervised release on Counts 1, 2, 3, 5 and 6, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 12-13, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions, of particular importance, you shall not commit another federal, state or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. The use or possession of medicinal marijuana, even with a physician's written certification, is not permitted. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall

permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.  If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition.  Possession of a firearm will result in mandatory revocation of your term of supervision.  This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court.  You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL BY FILING A NOTICE OF APPEAL IN WRITING WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release.  The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the defendant be placed in an institution where he can receive sex offender treatment as close as possible to Truckee, California.

Date of Imposition of Sentence:  **Monday, September 29, 2014**

DATED this 30th day of September, 2014.

_____
Raner C. Collins
Chief United States District Judge

**RETURN**

I have executed this Judgment as follows: _____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____         By: _____
United States Marshal                                                            Deputy Marshal

CR 07-01207-001-TUC-RCC(CRP) - Cotterman