**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  Plaintiff,  v.  Howard Wesley Cotterman,  Defendant. | No. CR-07-01207-001-TUC-RCC (CRP)  **ORDER** |

Pending before the Court is Howard Wesley Cotterman's Supplemental Motion for Compassionate Release (Doc. 191), as well as two pro se Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) (Docs. 178, 179). The Court finds that Cotterman has not sufficiently demonstrated the requisite extraordinary and compelling circumstances to warrant his early release and a reflection upon the relevant 18 U.S.C. § 3553(a) factors do not weigh in favor of a sentence reduction. The Court will deny the supplemental motion and dismiss the pro se motions as moot.

## I. *Factual and Procedural History*

Cotterman believes various factors make him an attractive candidate for compassionate release: his age, health conditions, time served, and good behavior while incarcerated. (Doc. 191 at 2.) Cotterman is a 70-year-old male, with "thyroid disorder. (*Id.* at 6.) He complains of "bouts of dizziness," and deteriorating eyesight. (*Id.* at 7.) Cotterman prognosticates other ailments. He indicates he may have Parkinson's due to an intermittent tremor. (*Id.* at 8.) He also asserts he has had difficulty swallowing, which

1 might be devastating should it progress. (*Id.*) He fears that blood found in his stool is a
2 sign of colon cancer, but because of the invasiveness of the procedure and now Covid-19,
3 he has refused transfer for treatment and evaluation and therefore has no diagnosis. (*Id.*)
4 Moreover, he contends in the past he fainted, had an enlarged prostrate, and migraines.
5 (*Id.* at 9–10.) He is currently on medication to control high blood pressure, high
6 cholesterol, and chest pain. (*Id.* at 8.)

7 Cotterman contends he has behaved remarkably during detention. (*Id.* at 16.) He is
8 self-educating while incarcerated and has no disciplinary issues. (*Id.* at 16.) In addition,
9 Cotterman's plan should he be released is to live with his wife and survive off their social
10 security and retirement. (*Id.* at 22.) He claims he is not a danger to society because he has
11 been an exemplary inmate while incarcerated. (*Id.* at 21.) Furthermore, the Bureau of
12 Prisons ("BOP") has assessed him as low risk of recidivism, and recidivism decreases
13 with age. (*Id.* at 21; Doc. 200 at 4.)

14 What Cotterman fails to mention are the circumstances for which he finds himself
15 imprisoned. The Presentence Report prepared for Cotterman's sentencing explains the
16 breadth of his predatory behavior and his uncommon disregard for the law:

> At 12:30 p.m. on April 6, 2007, the defendant and his wife arrived at the port of entry in Lukeville, Arizona, in a passenger car and reported they were returning to their home in California following a vacation in Mexico. Based on a TECS alert indicating the defendant was a convicted sex offender suspected of travelling abroad for purposes of child sex "tourism" agents conducted a search that resulted in the discovery of two laptop computers and several cameras in the vehicle. While allowing the defendant and his wife to continue on with their travels, agents maintained possession of their property for further examination.
>
> On April 8, an agent found 75 images of child pornography on one of the laptops along with several suspicious files that were password protected. The same day, the agent requested the defendant's assistance in accessing the files and the defendant agreed to report to the ICE office in Tucson the following day. The defendant failed to show, however, and further investigation established that on April 9 he departed from Tucson on a flight to Hermosillo, Sonora. From there, he boarded flights to Canada and Japan and was believed to have eventually traveled to Sydney,

>  Australia, to avoid prosecution.
>
>  On April 11, the agent opened approximately 23 password-protected files that were found to contain 378 images of child pornography as well as at least three videos. The vast majority of the images involved sexually explicit depictions of the defendant's granddaughter. In at least one image, the fingers of an adult male believed to be the defendant are shown spreading her vaginal opening. The investigation would establish the images were taken on multiple occasions in approximately 2004-06 when the victim was approximately 7-10 years of age. Unrelated to this victim, on the computer, the agent also found approximately 300 text stories that described acts of child pornography.

(Doc. 136 at 4.) Cotterman was convicted at a bench trial of the following: two counts for production of child pornography in violation of 18 U.S.C. §§ 2251(a), (e), and 2256(2); transportation and shipping of child pornography in violation of 18 U.S.C. §§ 2252(a)(1), (b)(1), and 2256(2); possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256(2); and importation of obscene material in violation of 18 U.S.C. § 1462(a). On September 29, 2014, as amended on October 10, 2014, the Court sentenced Cotterman to 35 years in custody with credit for time served followed by supervised release for life. (Docs. 145, 151.) On November 12, 2015, the Ninth Circuit Court of Appeals affirmed. (Doc. 165.)

This was not Cotterman's first conviction for sexual conduct with a minor; as early as 1991 he was convicted in Santa Clara County of lewd and lascivious conduct with a child, child molestation, and use of a minor in sexual conduct. (Doc. 136 at 7.) In this case, Cotterman went to child-care facilities under the guise of investigating child abuse. (*Id.*) In at least one instance, he was granted access to two six-year-olds, who he asked to remove their clothes while he took photos of them. (*Id.*) In addition, in the Eastern District of California, Cotterman was convicted in 2007 of commission of a sex felony crime involving a minor by a registered sex offender. (*Id.* at 8.)

Cotterman has served approximately 12 years of his 35-year sentence. He has a release date (including good time credits) of January 23, 2038.

///

II. *Standard of Review*

Cotterman's motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. A court's reduction of a sentence under the compassionate release statute is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60 (2000). The U.S. Sentencing Commission explains:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)  (A) extraordinary and compelling reasons warrant the reduction; or
>
>      (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)   the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)   the reduction is consistent with this policy statement.

U.S.S.G. 1B1.13 (2018).

III. *Administrative Exhaustion*

A court may only reduce a term of imprisonment upon a motion for compassionate release by the defendant if he first exhausts his administrative remedies or at least thirty days lapse from the date the defendant requests that the warden file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). Cotterman alleges – and the Government does not rebut – that he has exhausted his administrative remedies. (*See* Doc. 191 at 3; Doc. 197 at 6.) The Court will therefore review the merits of the motion.

IV. *§ 3553(a) Factors*

First, courts are required to reflect upon the factors outlined in 18 U.S.C. § 3553(a) when considering a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. 1B1.13. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

*a. Nature and Circumstances of the Offense and History of Defendant*

The nature and circumstances of the present offense, as well as Cotterman's criminal history, do not support early release. In addition to the present conviction for sexually misconduct with his granddaughter, he has a significant criminal history engaging in similar offenses. Furthermore, Cotterman fled to Australia to avoid confronting the allegations against him and had to be extradited back to the United States. Cotterman has already demonstrated through his repeated actions that he will not follow the law and presents an escape risk. His compliance while under federal supervision does not change this analysis.

*b. Sentencing Considerations*

Additionally, the purposes of sentencing and the need to avoid sentencing disparities would not be accomplished by granting early release. Cotterman has served a little more than one third of his sentence. Moreover, the sentence available for Cotterman's offenses extended to a lifetime incarcerated. A reduction of Cotterman's sentence would undermine the steep punishment provided to sex offenders and would create a sentencing disparity for similarly situated defendants.

///

///

///

*c. Restitution to Victim*

In this instance the victim and her family were highly impacted by Cotterman's molestation. (Doc. 162 at 19-24.) In a letter, the victim asked that Cotterman be sentenced to between 60 years to life imprisonment, and added, "15 years, the amount of time [Cotterman] is asking to serve, is insulting." (*Id.* at 24.) To release Cotterman after serving only 12 years would be an affront to the victim's sense of justice, and the Court's conviction that even a life sentence would be appropriate in this matter. (*Id.* at 25–26.)

V.   <u>Extraordinary and Compelling Reasons</u>

Cotterman pursues release under U.S.S.G. 1B1.13(a)(1)(A), arguing there are "extraordinary and compelling reasons" to grant compassionate release. (Doc. 191 at 5.) However, he has not proven these circumstances exist.

Reducing a sentence because of medical issues is "a rare event." *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *2 (D. Ariz. June 27, 2019) (quoting *White v. United States*, 378 F. Supp. 3d 784, 786 (W.D. Mo. 2019). In addition, the "mere existence" of Covid-19 is not enough alone to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence.").

Cotterman's ailments and the existence of Covid-19 do not necessitate early release and are not extraordinary circumstances. First, his anticipatory ailments are of no consequence to this Court. Second, his high blood pressure, high cholesterol, hyperthyroidism, and chest pains are being controlled with medication. His cataracts do not place him at a higher risk for contracting Covid-19. Despite his protestations, he is not "suffering a serious deterioration in physical or mental health due to the aging process." (Doc. 200 at 3.) Third, Cotterman has not shown that the BOP at FCI Sheridan, where Cotterman is incarcerated, is unable to handle Covid-19, even though there are

seven confirmed positive Covid-19 cases.

In sum, Cotterman has not met his burden of showing that the provisions under the First Step Act have been met.

VI.     *Pro Se Motions*

"An amended motion supersedes an original motion" and "after amendment, the Court [treats] an original motion as nonexistent." *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Prior to the instant motion for compassionate relief, Cotterman filed two pro se motions. (Docs. 178, 179.) The Court will therefore deny the pro se motions as moot.

Accordingly, IT IS ORDERED Howard Wesley Cotterman's Supplemental Motion for Compassionate Release is DENIED. (Doc. 191.)   IT IS FURTHER ORDERED Howard Wesley Cotterman's pro se Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) are DENIED AS MOOT. (Docs. 178, 179.)

Dated this 2nd day of November, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge