**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-01207-001-TUC-RCC (CRP) |
| Plaintiff, | **ORDER** |
| v. | |
| Howard Wesley Cotterman, | |
| Defendant. | |

Howard Wesley Cotterman filed a pro se compassionate release motion on both June 18, 2020 and June 25, 2020. (Docs. 178, 179.) Pursuant to General Order 20-28, the Federal Public Defender screened Cotterman's motions and filed a motion to appoint counsel to assist him with relief. (Doc. 181.) Through counsel, Cotterman filed a supplemental motion for compassionate release on September 11, 2020. (Doc. 191, 193.)

The Court denied the supplemental motion and found the pro se motions moot. (Doc. 205.) The Court indicated that Cotterman had not demonstrated release was appropriate because he had not shown his circumstances were extraordinary and compelling, and the 18 U.S. C. § 3553(a) factors were in his favor. (*Id.*) The Court noted that Cotterman was incarcerated because of "the breadth of his predatory behavior and his uncommon disregard for the law." (*Id.* at 2.) The Court explained in detail his arrest for child pornography, including explicit photos of his granddaughter. (*Id.* at 2–3.) The Court also noted the lengths to which Cotterman took to avoid prosecution, including fleeing to Australia. (*Id.*) Moreover, the Court indicated that Cotterman had a history of

1  predatory behavior towards adolescents. (*Id.* at 2–3.) Finally, the Court stated that
2  Cotterman's "high blood pressure, high cholesterol, hyperthyroidism, and chest pains are
3  being controlled with medication" and did not warrant release for extraordinary and
4  compelling circumstances. (*Id.* at 6.)

5        Cotterman now asks the Court to appoint a professional to conduct a psychological
6  evaluation, hold an evidentiary hearing, and reconsider its Order denying early release.
7  (Doc. 210.) He argues there is newly discovered evidence, including: (1) that he was not
8  aware of a conviction in the Eastern District of California; (2) that a Northern District of
9  California probation officer approved of his release to his wife and son; (3) that he has
10 expressed remorse to family members; (4) that his granddaughter thinks he is not "a
11 danger to the community" and she erroneously asserted he should serve his full sentence;
12 and (5) that it is not necessary for him to establish a diagnosed condition to be considered
13 for release. (*Id.*) Furthermore, Cotterman claims he has suffered "character
14 assassination." (*Id.* at 2.) He believes he cannot successfully refute the attack on his
15 character for fear of being characterized as minimizing his behavior. (*Id.*) For example,
16 he cannot argue his 1991 conviction for lewd and lascivious conduct with a child, child
17 molestation, and use of a minor in sexual conduct was shown not to have been sexually
18 motivated for fear of it being construed as minimization. (*Id.*)

19       Motions for reconsideration should be granted only in rare circumstances.
20 *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Granting
21 such a motion may occur when the Court "(1) is presented with newly discovered
22 evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if
23 there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v.*
24 *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration need not
25 be granted if it asks the district court merely "to rethink what the court had already
26 thought through – rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351
27 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.
28 1983)). Moreover, the motion "may not be used to raise arguments or present evidence

for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Cotterman does not present newly discovered evidence that could not have been discovered for utilization in his original motion. Nor do his contentions undermine the Court's conclusion that Cotterman has not established extraordinary or compelling circumstances warranting relief, and the §3553(a) factors weigh against release. His knowledge of the prior conviction and alleged finding that another conviction was not sexually motivated bears no weight on the severity of his actions leading to his current incarceration. Moreover, the approval of a probation officer for release to Cotterman's wife does not balance the Court's concerns about the possible acquiescence of his wife in his offense and escape. In addition, his remorse, asserted to convince the Court he should be released, does not undermine the harm he has caused. Finally, Cotterman simply has not presented an extraordinary or compelling circumstance sufficient to satisfy the conditions of 18 U.S.C. § 3582(c)(1)(A). A psychological evaluation and evidentiary hearing as to the reasons Cotterman committed his offense will not change this analysis.

Accordingly, IT IS ORDERED Howard Wesley Cotterman's Motion for Equitable Relief and for Reconsideration of Compassionate Release is DENIED. (Doc. 210.)

Dated this 27th day of January, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge