**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. HOWARD WESLEY COTTERMAN, Defendant-Appellant. | Nos. 20-10371        21-10040 <br><br> D.C. No. 4:07-cr-01207-RCC-CRP-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted September 14, 2021**

Before:   PAEZ, NGUYEN, and OWENS, Circuit Judges.

In these consolidated appeals, Howard Wesley Cotterman appeals pro se from the district court's orders denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and motion for reconsideration. We have

---

    \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Although Cotterman was notified by the court that his reply brief was untimely, it has been filed and we have considered it.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cotterman contends that the district court should have granted him compassionate release in light of his age, medical conditions, good behavior while incarcerated, remorse, release plans, amount of time served, poor medical care in prison, and the need to avoid unwarranted sentencing disparities. He further argues that the district court misconstrued his arguments, ignored mitigating evidence, and relied on clearly erroneous facts in denying his motion. We disagree. The district court acknowledged Cotterman's arguments, but concluded that the 18 U.S.C. § 3553(a) factors, particularly the nature and circumstances of the offense and Cotterman's criminal history, did not support Cotterman's release. Because the record supports the court's conclusion, it did not abuse its discretion by denying relief under § 3553(a), which alone supports affirming the district court's order. *See United States v. Keller*, 2 F.4th 1278, 1281, 1284 (9th Cir. 2021) (stating standard of review and explaining that the district court can deny a compassionate release motion based solely on the § 3553(a) factors); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Cotterman has not shown that any factual errors made by the court in assessing his criminal history would have affected the court's conclusion that reducing his sentence from 35 to 12 years would not satisfy the § 3553(a) factors.

*See United States v. Medina*, 524 F.3d 974, 984-85 (9th Cir. 2008) (district court's factual errors are harmless if they do not affect the ultimate conclusion).

The record also does not support Cotterman's argument that the district court erred in denying his motion for reconsideration. The court considered Cotterman's purportedly new evidence and did not abuse its discretion in concluding that it did not outweigh the court's concerns about the seriousness of his offense and need to protect the community. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (stating standard of review). Moreover, the court did not abuse its discretion by declining to order an evidentiary hearing or a psychological evaluation because, as the district court observed, the evidence Cotterman sought to develop would not have affected the court's decision to deny relief. *See United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015).

Finally, the district court did not err by denying as moot his pro se motions for compassionate release after Cotterman filed a counseled motion "amending and supplementing" the earlier pro se filings, nor does the record support Cotterman's claims of prosecutorial misconduct, even assuming those claims can be raised in these proceedings.

**AFFIRMED.**